No. 127.—VIVIAN HOLMES, plaintiff in error, *vs.* MILES G. DOBBINS *et al.* executors, defendants.

[1.] Newly discovered evidence may be the ground of a continuance, even after the trial has commenced.

[2.] If the party who takes out a commission to examine a witness on interrogatories, is in the room in which the commission is executed, at the time when it is executing, the commission is not well executed.

Holmes *vs.* Dobbins *et al.* ex'rs.

Assumpsit, in Troup Superior Court. Tried before Judge BULL, November Term, 1856.

This was an action on a promissory note. Before the cause was submitted to the Jury, the plaintiffs objected to the interrogatories of one Weldon, taken by defendant, and which had been in office twenty-four hours, for certain causes apparent on the face of the interrogatories; which objection was over-ruled by the Court. Plaintiffs also objected to said interrogatories, because they were taken in the presence of defendant; in proof of which, they called on defendant as a witness. This was objected to by defendant, because he had not been subpoenaed beforehand, in terms of the law; and also, because interrogatories, unexceptionable on their face, could not be attacked by parol testimony; which objections the Court over-ruled, and ordered defendant to answer.

Defendant stated, that during the execution of the interrogatories, he was in and out of the room occasionally; that the room was about eighteen by twenty feet; that he sat at one end and talked to another gentleman, while commissioners and witness were at a table at the other end; that he made no remark to them, and did not know what the witness swore.

The Court ruled out the interrogatories. Counsel for plaintiff then asked Counsel for defendant if they were surprised. They replied, "not as yet," and proceeded to make an exception to the declaration, inasmuch as the note sued on was not correctly described therein. The Court held the objection premature. The cause was then submitted to the Jury, and the note offered. Being objected to, it was allowed to be read. The exception was, that beneath the note, on the same paper, was written the following: "It is understood, that as fast as the steam-mill earns money, it is to be applied to the payment of the above note of four hundred and twenty dollars," signed by the defendant.

This note or memorandum was not noticed in the declaration.

Counsel then moved for defendant to continue, on the ground of surprise in the matter of the rejected interrogatories, which the Court refused.

He then moved to continue, on the ground of testimony discovered since the commencement of the trial, and offered an affidavit of Eugenius Holmes, who swore that a certain witness said he heard John G. Hill, plaintiff's testator (to whom the note was given) say, that he was hauling lumber from defendant's mill to pay said note, and the witness had seen said Hill hauling said lumber; which testimony defendant offered to make affidavit, was just discovered.

The Court refused the continuance, and the Jury found for plaintiffs the amount of the note; and defendant excepts to the said several rulings of the Court.

E. Y. HILL, for plaintiff in error.

B. H. HILL, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

In this case there was a plea of payment; and the newly discovered evidence would have been pertinent to that plea.

[1.] What particular reason the Court below had for refusing the motion for a continuance, made on the ground of the newly discovered evidence, is not disclosed by the bill of exceptions. And as no reason appears to us for refusing the motion, we can only say that we think it ought not to have been refused. We therefore grant a new trial in the case.

[2.] The Court, we think, was right in rejecting the interrogatories. The defendant was too near to the commissioners and the witness, at the time when they were executing the commission. *Tillinghast, Starke & Co. vs. Walton,* (5 *Ga. R.* 355.)